IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

FILED
CHARLOTTE, NC
OCT 1 2015
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALLEN DOCKERY
Hickory, NC;

ALLEN DOCKERY dba H&A ELECTRIC
Hickory, NC; and

HOLLIE T. DOCKERY
Hickory, NC,

    Defendants.

No. 5:14-cv-0130

## ORDER OF FORECLOSURE AND SALE

The Court entered the Default Judgment against Allen Dockery and Hollie T. Dockery on October 1, 2015. The Default Judgment is in favor of the United States and against Allen Dockery in the amount of $144,446.92, plus interest accruing from August 4, 2014, and in favor of the United States and against Hollie T. Dockery in the amount of $40,762.38 plus interest from August 4, 2014. The Default Judgment further determines that the United States has valid and subsisting federal tax liens against Allen Dockery and against Hollie T.

Dockery; and orders that those tax liens be foreclosed against defendants' interests in the Property, described below.

IT IS THEREFORE HEREBY ORDERED that, pursuant to 28 U.S.C. §§2001 and 2002, the Court now enters this Order of Foreclosure and Sale directing the sale of the real property commonly known as 1020 26th Street, N.E., Hickory, North Carolina (the "Property"), with the legal description:

> BEGINNING at an iron pin in the eastern margin of 26th Street, N. E., which beginning point is North 4 41 East 107 feet from the northern margin of 10th Avenue, N. E., which point is also at the northwest corner of Lot No. 44 according to the plat hereinafter referred to and runs thence with the eastern margin of said street North 4 41 East 107 feet to an iron pin at the southwest corner of Lot No. 42; thence with the southern line of Lot No. 42 South 85 19 East 190 feet to an iron pin at the southeast corner of Lot No. 42; thence South 4 41 West 107 feet to an iron pin at the northeast corner of Lot No. 44; thence with the northern line of Lot No. 44 North 85 19 West 190 feet to the BEGINNING.
>
> Being Lot No. 43 of "Pine Valley" Subdivision according to a plot by Marion E. Boich, R.S., a copy of which is recorded in the office of the Register of Deeds for Catawba County in Plat Book 14 at Page 48.
>
> This conveyance is made subject to those certain restrictions as set out in "Declaration of Restrictions" which instrument is recorded in the Office of the Register of Deeds for Catawba County in Book 948 at page 705, and also subject to such rights-of-way or easements for utilities as appear of record.

in order to satisfy the United States' tax liens as follows.

IT IS FURTHER ORDERED that:

1. The Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") is authorized to offer for public sale and to sell the Property.

2. The terms and conditions of the sale are:

a. The sale of the Property shall be by public auction to the highest bidder, free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including plaintiff United States, and defendants Allen Dockery, Allen Dockery dba H&A Electric, and Hollie T. Dockery.

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements, restrictions, and reservations of record, if any.

c. The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises.

d. The PALS shall announce the date and time for sale. The Internal Revenue Service, PALS, and their representatives shall be permitted to enter the Property with prospective buyers in order to allow prospective buyers to inspect the interior and exterior of the Property at such times as the Internal Revenue Service or PALS shall determine are reasonable and convenient.

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Hickory, North Carolina and/or in Catawba County, North Carolina, and at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

12931569.1

f.       The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

g.       At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the Western District of North Carolina, a deposit in an amount of ten (10) percent of the minimum bid as specified by the PALS in the published Notice of Sale. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h.       The successful bidder(s) shall pay the balance of the purchase price for the Property within sixty (60) days following the date of the sale. The certified or cashier's check payable to the United States District Court for the Western District of North Carolina shall be given to PALS who will deposit the funds with the clerk of this Court. If the bidder fails to fulfill this requirement, the sale shall be treated as null and void and the deposit shall be forfeited as damages and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the tax liabilities of Allen Dockery and/or Hollie T. Dockery at issue herein. The Clerk shall distribute the deposit

as directed by the PALS by check made to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder.

  i. The Clerk of the District Court is directed to accept the proceeds of the sale and deposit them into the Court's registry for distribution as provided for herein or pursuant to further order of this Court.

  j. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the Internal Revenue Service shall execute and deliver its deed conveying the Property to the successful bidder(s); ownership and possession of the Property shall transfer to the successful bidder(s); and all interests in, liens against, or claims to the Property that are held or asserted by all parties to this action are discharged and extinguished.

  k. When this Court confirms the sale, the Recording Official of Catawba County, North Carolina, shall cause transfer of the Property to be reflected upon that jurisdiction's register of title. The successful bidder(s) at the sale shall pay, in addition to the amount of the bid, any documentary stamps and registry fees as provided by law;

  l. The sale of the Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

  m. All rights to rents of or from the Property arising after the issuance of this order of sale and before the confirmation of the sale of the Property shall constitute proceeds of the Property and such rents shall be turned

over to, and paid to, the PALS for deposit and distribution in the same manner as the proceeds of the sale of the Property. On confirmation of the sale of the Property, all rights to rent and profits of or from the Property arising thereafter shall transfer to the successful bidder(s).

3. Until the Property is sold Allen Dockery, Allen Dockery dba H&A Electric, and Hollie T. Dockery shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in their current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property. Each defendant shall neither commit waste against the Property nor cause nor permit anyone else to do so. Each defendant shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

4. All persons occupying the Property, specifically including Allen Dockery, Allen Dockery dba H&A Electric, and Hollie T. Dockery, shall vacate the Property permanently within thirty (30) days of the date of this Order, each taking with them his or her personal property (but leaving all improvements,

buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property within thirty (30) days of the date of this Order, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. Any personal property remaining on the Property thirty (30) days after the date of this Order is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution. Checks for the purchase of the personal property shall be made out to the Clerk of the District Court for the Western District of North Carolina, and the Clerk is directed to accept cash and checks and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

5. Pending the sale of the Property and until the deed to the Property is delivered to the successful bidder(s), the PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

6. No later than two business days after vacating the Property pursuant to the deadline set forth in paragraph 4, above, Allen Dockery and Hollie T. Dockery shall notify counsel for the United States of a forwarding

address where they can be reached. Notification shall be made by contacting counsel for the United States, Joseph E. Hunsader at (202) 307-6346.

7. In accordance with the Default Judgment in this case, the United States has valid and subsisting tax liens against Allen Dockery in the amount of $144,446.92 as of August 4, 2014, plus interest accruing according to law.

8. In accordance with the Default Judgment in this case, the United States has valid and subsisting tax liens against Hollie T. Dockery in the amount of $40,762.38 as of August 4, 2014, plus interest accruing on that amount.

9. After the Court confirms the sale of the Property, the sale proceeds deposited with the Clerk of this Court should be applied to the following items, in the order specified:

   a. First, to the United States for the expenses of the sale, including any expenses incurred to secure or maintain the Property pending sale and confirmation by the Court.

   b. Second, to Hickory, North Carolina, or other local taxing authorities for any real property taxes and other local assessments due and owing having priority over the United States' tax liens;

   c. Third, with respect to Hollie T. Dockery's 50% interest in the Property, to the United States for Hollie T. Dockery's Form 1040 income tax liabilities for 2000 and 2004 in the amount of $40,762.38 plus interest from August 4, 2014, with any remaining proceeds to Hollie T. Dockery; and

d.  Fourth, with respect to Allen Dockery's 50% interest in the Property, to the United States for Allen Dockery's Form 941 employment tax liabilities for 2001Q3, 2002Q1-Q4, and 2004Q4, and his Form 940 unemployment tax liabilities for 1998, in the total amount of $103,684.54 with interest from August 4, 2014. To the extent there is any remaining proceeds from Allen Dockery's 50% interest in the Property, to the United States for Allen Dockery's Form 1040 income tax liabilities for 2000 and 2004 in the amount of $40,762.38 plus interest from August 4, 2014, to the extent such liabilities have not been satisfied from the sale of Hollie T. Dockery's interest in the Property. Any remaining proceeds from Allen Dockery's 50% interest are to be paid to Allen Dockery.

IT IS SO ORDERED.

Dated: 10-1-15

UNITED STATES DISTRICT JUDGE

12931569.1